IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 FEB -5 PM 4:12

DEPUTY CLERK_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO. 3:-13CR-446-B |
| WAYNE JOSEPH SWEENEY | § § | |

PLEA AGREEMENT

Wayne Joseph Sweeney, the defendant; the defendant's attorneys Carl Randall Day and Larry Finstrom; and the United States of America (the government) agree as follows:

1. **Rights of the defendant:** Wayne Joseph Sweeney understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Wayne Joseph Sweeney waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 21 U.S.C. § 846, that is, Conspiracy to Distribute a Controlled Substance Analogue. Wayne Joseph Sweeney understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is

true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

   a. imprisonment for a period not more than 20 years;

   b. a fine not to exceed $1,000,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Wayne Joseph Sweeney violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Wayne Joseph Sweeney agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f. costs of incarceration and supervision.

4. **Sentencing Agreement: Pursuant to FED. R. CRIM. P. 11(c)(1)(C), the parties agree that a sentence not to exceed 120 months confinement in the United States Bureau of Prisons is the appropriate disposition of the case. The United States further agrees to recommend to the Court that it not impose a fine on the Defendant.** If the Court accepts this plea agreement, this custody sentence limitation provision is binding on the Court. Other than this limitation on the maximum prison term that the Court can order, and the recommendation that the Court impose no fine, there are

no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553. Pursuant to FED. R. CRIM. P. 11(c)(5), if the Court rejects this plea agreement, the Court shall afford Wayne Joseph Sweeney the opportunity to withdraw his plea and proceed to trial, and advise the defendant that, if he persists in his guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

    a. Pursuant to United States Sentencing Guideline 2D1.1, Application Note 6, the parties agree that the base offense level for both PB-22 and 5F-PB-22 will be determined using the marihuana equivalency of the most closely related controlled substances. In this case, the parties agree that:

    (i) PB-22 and 5F-PB-22 are not referenced in the guidelines. U.S.S.G. 2D1.1, App. Note 6 (Analogues and Controlled Substances Not Referenced in this Guideline]);

    (ii) for purposes of sentencing only, PB-22 and 5F-PB-22 do not have a chemical structure that is substantially similar to a controlled substance referenced in the guidelines. U.S.S.G. 2D1.1, App. Note 6(A);

    (iii) for purposes of sentencing only, PB-22 and 5F-PB-22 have a hallucinogenic effect on the central nervous system that is substantially similar to the hallucinogenic effect on the central nervous system as Tetrahydrocannabinol ("THC"), either organic or synthetic. U.S.S.G. 2D1.1, App. Note 6(B);

(iv) PB-22 and 5F-PB-22 is at least as potent as THC, yielding a potency ratio of 1:1 with THC. U.S.S.G. 2D1.1, App. Note 6(C); and

(v) 1 gram of THC is equal to 167 grams of marihuana. U.S.S.G. 2D1.1 (Drug Equivalency Tables).

5. **Sentencing Factors:** In determining the defendant's sentence, the parties agree that the following sentencing factors of the United States Sentencing Guidelines shall be consulted and taken into account by the Court for sentencing purposes pursuant to 18 U.S.C. § 3553:

   a. The government will not oppose the award of a two-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a). The defendant realizes that this adjustment ultimately remains in the Court's discretion. If the Court grants this two-level adjustment, the government will move, at the time of sentencing, for the award of an additional level of downward adjustment for timely acceptance of responsibility under USSG § 3E1.1(b).

6. **Mandatory special assessment:** Prior to sentencing, Wayne Joseph Sweeney agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

7. **Defendant's agreement:** Wayne Joseph Sweeney shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Wayne Joseph Sweeney shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation

Office regarding his capacity to satisfy any fines or restitution. Wayne Joseph Sweeney expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Wayne Joseph Sweeney fully understands that any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of a fine, Wayne Joseph Sweeney agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Wayne Joseph Sweeney understands that he has a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court.

8. **Government's agreement:** The government will not bring any additional charges against Wayne Joseph Sweeney based upon the conduct underlying and related to his plea of guilty. The government will file a Supplement in this case, as it routinely does in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Wayne Joseph Sweeney or any property.

9. **Violation of agreement:** Wayne Joseph Sweeney understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Wayne Joseph Sweeney for all offenses of which it has knowledge. In such event,

Wayne Joseph Sweeney waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Wayne Joseph Sweeney waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence:** Wayne Joseph Sweeney waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the district court. He further waives his right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Wayne Joseph Sweeney, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel:** Wayne Joseph Sweeney has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Wayne Joseph Sweeney has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea

agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Wayne Joseph Sweeney has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

**13. Forfeiture Agreement:** The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in paragraph 15 and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. This property includes the following:

   a. A 2013 Cadillac CTS Vehicle Identification Number 1G6DV1EP9D0159588

   b. Approximately $299,781.00 in United States Currency seized during a traffic stop by the Texas Department of Public Safety

   c. Approximately $114,209.84 in United States Currency seized from Hostile Pipes

   d. Approximately $14,000 in United States Currency

   e. Approximately $182,309.29 in United States Currency seized from Comerica bank account ending in numbers 4103

   f. Approximately $2,520.15 in United States Currency seized from Comerica bank account ending in numbers 4145

   g. Approximately $475.00 in United States Currency seized from Comerica bank account ending in numbers 6977

   h. Approximately $13,040.43 in United States Currency seized from Comerica bank account ending in numbers 4095

i. Approximately $7,709.53 in United States Currency seized from Comerica bank account ending in numbers 6993

j. Approximately $203,170.24 in United States Currency seized from North Dallas Bank and Trust Account ending in numbers 4225

k. Approximately $50,000.00 in United States Currency seized from Dallas Bank and Trust Account ending in numbers 1283845

l. A Rolex Watch with an approximate value of $28,900 in U.S. Currency

m. A Gents 14K Concord Watch with an approximate value of $1100 in U.S. Currency

n. A 1970 Pontiac two door vehicle identification number 226870L108197

o. A 1969 Pontiac GTO vehicle identification number 242379Z111117

p. A 1968 Pontiac GTO vehicle identification number 242378P184569

q. A 1963 Chevrolet Impala vehicle identification number 31867J180167

r. All funds credited to HSBC Mexico bank account ending in numbers 6142 with an approximate value $3,150,000 in United States Currency more or less.

s. The real property located at 6023 Blue Mist Lane, Dallas, Texas

t. Real or personal property located in the Republic of Mexico

u. Approximately $13,978.83 in United States Currency seized from Comerica Bank Account ending in numbers 8036

v. Approximately $8184.53 in United States Currency seized from Comerica Bank Accounts ending in numbers 6993 and 6977

The defendant agrees that the property listed above constitutes, or was derived from the proceeds of the offense alleged in Count One of the Indictment and is subject to forfeiture pursuant to 21 U.S.C. § 853(a) and 21 U.S.C. § 881(a). The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives

any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

14. **Consent to Destruction of Seized Property**: The Defendant represents that he is the sole owner of the substances, whether or not tested, as well as all items used in the manufacturing, packaging, and distribution of said substances, including but not limited to all the items and substances that were seized by the Drug Enforcement Administration or any other law enforcement agency in connection with this investigation (whether or not the subject of this plea agreement), and that no other person has an interest in the property. Defendant consents to the destruction of any and all substances, as well as all items used in the manufacturing, packaging, and distribution of said substances, that were seized by the Drug Enforcement Administration or any other law enforcement agency in connection with this investigation (whether or not the subject of this plea agreement) . The Defendant further agrees to abandon any interest he has in the described property, and he waives any right to abandonment procedures as described in 41 CFR 102-41.

<u>**NOTHING FURTHER ON THIS PAGE**</u>

15. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 5th day of February, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

GEORGE LEAL
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 00794150
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8714
Facsimile:   214-659-8803
E-mail:   george.leal@usdoj.gov

RICK CALVERT
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

WAYNE JOSEPH SWEENEY
Defendant

Date 2-3-14

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

CARL RANDALL DAY
Attorney for Defendant

Date 2-3-14

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

LARRY FINSTROM
Attorney for Defendant

Date 2-3-14