IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:13-CR-446-B |
| | § | |
| WAYNE JOSEPH SWEENEY | § | |

## GOVERNMENT'S UNOPPOSED MOTION AND BRIEF FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America ("the government") requests a preliminary order of forfeiture, stating the following in support:

### I.  BACKGROUND

1.  The Indictment in this case (Count One) charges Wayne Joseph Sweeney ("the defendant") with violating Title 21, U.S.C. § 846.  (*See* Dkt. No. 14.)  The Indictment and a bill of particulars (filed on January 2, 2014) also notify the defendant that the government will seek to forfeit property, including the following[1] ("the property"), from him based on his conviction on Count One:

   a. LEFT BLANK.

---

[1]  In this motion, the government has amended some of the property descriptions listed in the bill of particulars filed on January 2, 2014, to more specifically describe the property the defendant has agreed to forfeit and to reflect the DEA's internal asset identification numbers.  For example, items g. and i. listed in the bill of particulars are not included in this motion, as they were already represented by item v. of the bill (now item t. in this motion).  Another example is item p. in this motion, which has been expanded to include the accounts which house the $3,150,000.00 previously referenced in item r. of the bill of particulars.  Further examples are items q. and r. (items s. and t. in the bill), for which legal descriptions are now attached.  The defendant does not object to these amendments, as noted by the motion's certificate of conference.

**Govt.'s Unoppsd. Mtn. / Brief for Issuance of a Preliminary Order of Forfeiture (Sweeney) - Page 1**

b.  Approximately $299,781.00 in United States currency seized during a traffic stop by the Texas Department of Public Safety on or about October 15, 2013.
[14-DEA-590433]
c.  Approximately $114,209.84 in United States Currency seized from Hostile Pipes on October 16, 2013.
[14-DEA-589889]
d.   Approximately $14,000 in United States currency seized from Sherry Kay Thomas on or about October 24, 2013.
[14-DEA-590350]
e.  Approximately $182,309.29 in funds seized from the Comerica Bank account ending in numbers 4103 on or about October 18, 2013.
[14-DEA-590381]
f.  Approximately $2,520.15 in funds seized from the Comerica Bank account ending in numbers 4145 on or about October 18, 2013.
[14-DEA-590804]
g.  Approximately $13,040.43 in funds seized from the Comerica Bank account ending in numbers 4095 on or about October 18, 2013.
[14-DEA-590805]
h.  Approximately $203,170.24 in funds seized from the North Dallas Bank and Trust account ending in numbers 2414225 on or about October 22, 2013.
[14-DEA-590192]
i.  Approximately $50,000.00 in funds seized from the Dallas Bank and Trust account ending in numbers 1283845 on or about October 18, 2013.
[14-DEA-590079]
j.  Gents Rolex Model 118389 18K watch and bracelet, serial no. K599394, with Rolex watch box
[14-DEA-590277]
k.  Gents 14K Concord watch seized on or about October 18, 2013.
[14-DEA-590222]
l.  1970 Pontiac Firebird, VIN 226870L108197.
[14-DEA-591194]
m.  1969 Pontiac GTO, VIN 242379Z111117.
[14-DEA-591195]
n.  1968 Pontiac GTO, VIN 242378P184569.
[14-DEA-591197]
o.  1963 Chevrolet Impala, VIN 31867J180167.
[14-DEA-591198]
p.  All funds contained in and credited to (1) the financial account(s) maintained pursuant to on-demand monetary bailment agreement numbers 4052214614 and 4056404494; (2) the financial account(s) maintained pursuant to the securities and commercial commission custody agreement number 466324; and (3) the Endowment

Savings Account with number 6002601356, with and at HSBC Mexico, S.A. (including HSBC Financial Group) in the name of or wholly or partially controlled, as signatory, by Wayne Joseph Sweeney (a/k/a Wayne Sweeney).
[14-DEA-594517]

q.  The real property located at 6023 Blue Mist Lane, Dallas, Texas, more specifically described as Lot 1, Block B/8194 of Prestonwood No. 16, an addition to the City of Dallas, Dallas County, Texas, according to the plat thereof recorded in Volume 77152, Page 2167, Map Records, Dallas County, Texas.
[14-DEA-595468]

r.  Particular real property located in the Republic of Mexico, specifically described (in Spanish) as PREDIO NUMERO DOCE DE LA CALLE QUETZAL, UBICADO EN EL CAMPO DE GOLF, SECCION 8, ZONA TURISTICA DE ESTA CIUDAD, ACTUALMENTE IDENTIFICADO COMO LOTE NUMERO DOCE DE LA CALLE QUETZAL, SECCION B, MANZANA CUARENTA Y CINCO ZONA TURISTICA DE CANCUN, QUINTANA ROO.

s.  Approximately $13,978.83 in funds seized from the Comerica Bank account ending in numbers 8036 on or about November 7, 2013.
[14-DEA-590991]

t.  Approximately $8,184.53 in funds seized from the Comerica Bank accounts ending in numbers 6993 and 6977 on or about October 18, 2013.
[14-DEA-590333]

(*See* Dkt. Nos. 14; 21.)

2.      The defendant has pleaded guilty to Count One; agreed in his plea agreement not to contest the criminal forfeiture to the United States of any property noted as subject to forfeiture in any bills of particulars, stating that it is proceeds of the offense set out in Count One and therefore subject to forfeiture pursuant to 21 U.S.C. § 853(a); and filed a factual resume stating the property constitutes or was derived from proceeds obtained as the result of Count One.  (*See* Dkt. Nos. 24 at 7-9; 23 at 4.)

3.      The government wishes to pay to the respective taxing authorities the *ad valorem* property taxes assessed on the real property (items q. and r.) through the date of any final

order of forfeiture, together with interest as allowed by law, in the event a final order is issued forfeiting this property to the government.

## II. AUTHORITIES

4.  The court's forfeiture authority lies in 21 U.S.C. § 853(a), which provides that any person convicted of a violation of Title 21, Chapter 13, Subchapter I or II, punishable by imprisonment for more than one year shall forfeit any property constituting or derived from proceeds the person obtained, directly or indirectly, as a result of the violation and any property used, or intended to be used, in any manner to part, to commit, or to facilitate the commission of, the violation.

## III. ARGUMENT

5.  Based upon the defendant's guilty plea, plea agreement, and factual resume, the government has shown that the defendant should forfeit the property.

6.  Pursuant to Fed. R. Crim. P. 32.2(b), if property is found subject to forfeiture, a preliminary order of forfeiture directing the forfeiture of that property shall be promptly entered. This order is entered without regard to any third party's interest in all or part of the forfeited property; a third party's interest is adjudicated in an ancillary proceeding under Rule 32.2(c).

7.  Following entry of the preliminary order of forfeiture and pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General (or a designee) will publish notice of the forfeiture on an official government Internet site (www.forfeiture.gov) for at least 30 consecutive days. This notice will describe the property with reasonable

particularity; state the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on the site or 30 days from receipt of a copy of the forfeiture order, whichever is earlier ]; and name and give contact information for the government attorney to be served with the petition [George Leal and/or John J. de la Garza III, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242].  This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The government shall send, by means reasonably calculated to reach the person, written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in the ancillary proceeding.

## IV. RELIEF

8. The government asks the court to enter a preliminary order forfeiting the property to the government and ordering the United States Marshals Service (or its designee) to seize and maintain custody of the property and dispose of it pursuant to law, subject to the provisions of 21 U.S.C. § 853(n).

          Respectfully submitted,

          SARAH R. SALDAÑA
          UNITED STATES ATTORNEY

          **/s/ John J. de la Garza III**
          Assistant United States Attorney
          Texas State Bar No. 00796455
          1100 Commerce St., Third Floor
          Dallas, Texas 75242-1699
          Telephone: 214.659.8682; Fax: 214.659.8803
          john.delagarza@usdoj.gov

## CERTIFICATE OF CONFERENCE

     I certify that on July 31, 2014 I sent an electronic mail message to Carl Randall Day (carlrday@msn.com ) and Larry Finstrom (lfinstsrom@att.net), the defendant's attorneys, providing them a copy of the proposed motion and accompanying order and requesting a conference on them, and that Mr. Finstrom responded on August 4, 2014 via electronic mail that the defendant does not oppose the motion or the relief requested in it.

          **/s/ John J. de la Garza III**
          Assistant United States Attorney

## CERTIFICATE OF SERVICE

     I certify that on August 4, 2014 I electronically filed this document with the Clerk for the United States District Court, Northern District of Texas, using the electronic case filing ("ECF") system.  The ECF system will send a "Notice of Electronic Filing" to all parties/counsel for record who have consented in writing to accept the Notice as service of this document by electronic means.

          **/s/ John J. de la Garza III**
          Assistant United States Attorney