# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| WAYNE JOSEPH SWEENEY | Case Number: **3:13-CR-00446-B(1)**<br>USM Number: **21770-078**<br>**Larry Finstrom**<br>Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Count One of the Indictment filed on November 13, 2013.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 21: U.S.C. 846 (21 U.S.C. 841 (a)(1) & (b)(1)(C) Conspiracy to Distribute a Controlled Substance Analogue | 10/15/2013 | 1 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)    ☐ is    ☐ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 10, 2014**
Date of Imposition of Judgment

*/s/ Jorge A. Solis*
Signature of Judge

**Jorge A. Solis, United States District Judge**
Name and Title of Judge

December 11, 2014
Date

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
DEC 11 2014
CLERK, U.S. DISTRICT COURT
By_____ Deputy

DEFENDANT:       WAYNE JOSEPH SWEENEY
CASE NUMBER:     3:13-CR-00446-B(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

One Hundred Eight (108) months as to count 1.

- ☐ The court makes the following recommendations to the Bureau of Prisons:
    That the defendant participate in the Residential Drug Abuse Treatment Program.

- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:

    - ☐ at _____  ☐ a.m.  ☐ p.m.  on _____
    - ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    - ☐ before 2 p.m. on _____
    - ☐ as notified by the United States Marshal.
    - ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: WAYNE JOSEPH SWEENEY
CASE NUMBER: 3:13-CR-00446-B(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **Three (3) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case
Case 3:13-cr-00446-P   Document 51   Filed 12/11/14   Page 4 of 8   PageID 224
Judgment -- Page 4 of 8

DEFENDANT: WAYNE JOSEPH SWEENEY
CASE NUMBER: 3:13-CR-00446-B(1)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a programs (inpatient and/or outpatient) approved by the U.S. Probation Officer for treatment of narcotic, drug, or alcohol dependency, which may include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $50.00 per month.

The defendant shall provide to the probation officer any requested financial information.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case
Case 3:13-cr-00446-P   Document 51   Filed 12/11/14   Page 5 of 8   PageID 225
Judgment -- Page 5 of 8

DEFENDANT: WAYNE JOSEPH SWEENEY
CASE NUMBER: 3:13-CR-00446-B(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------:|---------:|----------------:|
| **TOTALS** | $100.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution
  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: WAYNE JOSEPH SWEENEY
CASE NUMBER: 3:13-CR-00446-B(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

  ☐ not later than _____ , or

  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
  **It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
  See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

  ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: WAYNE JOSEPH SWEENEY
CASE NUMBER: 3:13-CR-00446-B(1)

## ADDITIONAL FORFEITED PROPERTY

The defendant shall forfeit the defendant's interest in the following property to the United States:

a. LEFT BLANK.
b. Approximately $299,781.00 in United States currency seized during a traffic stop by the Texas Department of Public Safety on or about October 15, 2013.
[14-DEA-590433]
c. Approximately $114,209.84 in United States Currency seized from Hostile Pipes on October 16, 2013.
[14-DEA-589889]
d. Approximately $14,000 in United States currency seized from Sherry Kay Thomas on or about October 24, 2013.
[14-DEA-590350]
e. Approximately $182,309.29 in funds seized from the Comerica Bank account ending in numbers 4103 on or about October 18, 2013.
[14-DEA-590381]
f. Approximately $2,520.15 in funds seized from the Comerica Bank account ending in numbers 4145 on or about October 18, 2013.
[14-DEA-590804]

g. Approximately $13,040.43 in funds seized from the Comerica Bank account ending in numbers 4095 on or about October 18, 2013.
[14-DEA-590805]
h. Approximately $203,170.24 in funds seized from the North Dallas Bank and Trust account ending in numbers 2414225 on or about October 22, 2013.
[14-DEA-590192]
i. Approximately $50,000.00 in funds seized from the Dallas Bank and Trust account ending in numbers 1283845 on or about October 18, 2013.
[14-DEA-590079]
j. Gents Rolex Model 118389 18K watch and bracelet, serial no. K599394, with Rolex watch box
[14-DEA-590277]
k. Gents 14K Concord watch seized on or about October 18, 2013. [14-DEA-590222]
l. 1970 Pontiac Firebird, VIN 226870L108197. [14-DEA-591194]
m. 1969 Pontiac GTO, VIN 242379Z111117. [14-DEA-591195]
n. 1968 Pontiac GTO, VIN 242378P184569. [14-DEA-591197]
o. 1963 Chevrolet Impala, VIN 31867J180167.
[14-DEA-591198]

DEFENDANT: WAYNE JOSEPH SWEENEY
CASE NUMBER: 3:13-CR-00446-B(1)

p. All funds contained in and credited to (1) the financial account(s) maintained pursuant to on-demand monetary bailment agreement numbers 4052214614 and 4056404494; (2) the financial account(s) maintained pursuant to the securities and commercial commission custody agreement number 466324; and (3) the Endowment Savings Account with number 6002601356, with and at HSBC Mexico, S.A. (including HSBC Financial Group) in the name of or wholly or partially controlled, as signatory, by Wayne Joseph Sweeney (a/k/a Wayne Sweeney).
[14-DEA-594517]

q. The real property located at 6023 Blue Mist Lane, Dallas, Texas, more specifically described as Lot 1, Block B/8194 of Prestonwood No. 16, an addition to the City of Dallas, Dallas County, Texas, according to the plat thereof recorded in Volume 77152, Page 2167, Map Records, Dallas County, Texas. [14-DEA-595468]

r. Particular real property located in the Republic of Mexico, specifically described (in Spanish) as PREDIO NUMERO DOCE DE LA CALLE QUETZAL, UBICADO EN EL CAMPO DE GOLF, SECCION 8, ZONA TURISTICA DE ESTA CIUDAD, ACTUALMENTE IDENTIFICADO COMO LOTE NUMERO DOCE DE LA CALLE QUETZAL, SECCION B, MANZANA CUARENTA Y CINCO ZONA TURISTICA DE CANCUN, QUINTANA ROO.

s. Approximately $13,978.83 in funds seized from the Comerica Bank account ending in numbers 8036 on or about November 7, 2013. [14-DEA-590991]

t. Approximately $8,184.53 in funds seized from the Comerica Bank accounts ending in numbers 6993 and 6977 on or about October 18, 2013. [14-DEA-590333]