IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO.  3:13-CR-00446-1 |
| WAYNE JOSEPH SWEENEY | |

GOVERNMENT'S RESPONSE
TO DEFENDANT'S MOTION TO RECONSIDER REQUEST
TO REDUCE OFFENSE LEVEL BY TWO LEVELS

The United States of America opposes the Defendant's Motion to Reconsider Request to Reduce Offense Level by Two Levels and for good cause would show the following:

**BACKGROUND**

A new edition of the Sentencing Guidelines Manual became effective November 1, 2014.  This new edition lowered, by two levels, the base offense levels associated with *some* drug quantities involved in drug trafficking offenses.

Defendant Sweeney's Presentence Report (PSR) was prepared on April 24, 2014. Pursuant to the 2013 Sentencing Guidelines Manual in effect at that time the PSR determined "[t]he base offense level for [the] offense for which the defendant was convicted [was]found in United States Sentencing Guideline (U.S.S.G) §2D1.1.  Pursuant to U.S.S.G. §2D1.1(a)(5) the base offense level [was]determined by using the drug quantity table set forth in subsection (c)."  (PSR ¶ 33.)  Based upon the facts contained in the PSR the defendant was held accountable "for the equivalent of 120,240 kilograms of

marijuana.  (PSR ¶¶ 27, 33.)  Pursuant to U.S.S.G. §2D1.1(c)(1), if the offense involved 30,000 kilograms or more of marijuana the base offense level [was determined to be a] 38."  (PSR ¶ 33.)  The Defendant's Guideline Imprisonment Range was determined to be 360 months to Life.  Since the statutorily authorized maximum sentence was 20 years the guideline term for imprisonment became 240 months.  (PSR ¶ 97.)

The base offense level involving 30,000 kilograms but less than 90,000 kilograms of marijuana was reduced to a level 36 by the 2014 Sentencing Guidelines.  The base offense level involving 90,000 kilograms or more of marijuana, however, remained at a level 38.  *See*, United States Sentencing Guidelines Manual (U.S.S.G.) §2D1.1(c), 2014.  Since the Defendant was held accountable for the equivalent of 120,240 kilograms of marijuana his base offense level remained at a level 38 and his guideline imprisonment range remained at 240 months pursuant to the statutory maximum.

The defendant was sentenced on December 10, 2014.  The Court followed the plea agreement which contained an agreed sentence between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a term of 120 months.  The Court then granted the Governments request for a 12 month reduction in the defendant's sentence pursuant to U.S.S.G. 5K1.1  and sentenced the defendant to a term of 108 months confinement in the United States Bureau of Prisons.

## ARGUMENT AND AUTHORITIES

**1. The November 1, 2014 Sentencing Guidelines did not reduce the base offense level applicable to the defendant due to his drug quantity.**

The Defendant cites *Freeman v. United States* in an effort to argue that this Court may entertain a sentence reduction under 18 U.S.C. § 3582(c)(2) even when Mr. Sweeney entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement.

Freeman was indicted in 2005 for several offenses including possessing with intent to distribute cocaine base. Freeman later entered into an 11(c)(1)(C) agreement and agreed that a sentence of 106 months' incarceration was the appropriate disposition of the case. *Freeman v. United States*, 131 S.Ct. 2685, 2691 (2011). The agreement reflected the party's expectation that Freeman would face a Guidelines Range of 46 to 57 months along with a consecutive mandatory minimum sentence of 60 months for possessing a firearm in furtherance of a drug trafficking crime. *Id.* Three years later the Guidelines were amended to remedy the disparity between the penalties for cocaine base and powder cocaine offenses and the effect was to reduce Freeman's sentencing range to 37 to 46 months. After careful analysis, the Supreme Court remanded the case to the district court to make appropriate findings. *Id.* The Supreme Court noted however, that under §3582(c)(2), all guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by the retroactive amendment. *Id.* at 2693.

The PSR in Mr. Sweeney's case, prepared in April of 2014, revealed that he is accountable for the equivalent of 120,240 kilograms of marijuana. (PSR ¶¶ 27, 33). The base offense level for this amount of marijuana was a level 38 under the previous

guidelines manual. The Drug Quantity Table set forth in U.S.S.G. §2D1.1 (c) of the November 1, 2014, Guidelines manual reveals that a base offense level of 38 is applicable in cases where 90,000 kilograms or more of marijuana are involved. Sweeney's sentencing range was not altered by the retroactive amendment to the guidelines and his motion for reconsideration of sentence should be denied.

### 2. Even if the defendant were eligible for the reduction it would not affect his guideline calculations.

The defendant relies on the case of *United States v. Mintz* from the Western District of North Carolina to argue he should receive a two level reduction based upon the revisions to the Sentencing Guidelines which became effective November 1, 2014. Furthermore, the defendant argues that he should receive this two level reduction from after the application of the Government's Motion for Downward Departure pursuant to U.S.S.G. §5K1.1. A closer analysis of *Mintz* reveals the defendant is not entitled to a reduction in this manner.

The Defendant in *Mintz* was sentenced in 2008. At that time the base offense level for at least 20 grams but less than 35 grams of cocaine base resulted in a Base Offense Level of 26. *United States v. Mintz*, 2014 WL 6680401, at *1 (W.D.N.C., 2014). The Defendant's criminal history category was determined to be one. The Court awarded a 3 point reduction for acceptance of responsibility, and granted the Governments Downward Departure pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. § 3553(e). The Government's Motion permitted the Court to sentence the defendant below the statutory minimum of 60

months within a sentencing range of 41 to 51 months and the Court sentenced the defendant to 41 months. *Id*.

In 2012, the defendant filed a request for a reduction in his sentence due to the two point base offense level reduction for crack cocaine and a discussion ensued regarding the effect of the statutory minimum on the re-calculation of the Defendant's sentence. The Court noted that Amendment 780 amends U.S.S.G. §1B1.10 to specify that, "if the case involves a statutorily required minimum sentence and the Court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of §1B1.10 the amended guideline range shall be determined without regard to the operation of §5G1.1 and §5G1.2." Id. at *3. [1]

Using this reasoning the Court ultimately used the 2013 version of the Sentencing Guidelines which placed the defendant's base offense level for at least 20 grams but less than 35 grams of cocaine base resulted in a Base Offense Level of 24. *Id*. at *2. [2] Applying the three level reduction for acceptance of responsibility lowered his total offense level to 21. This was then followed by the one level downward departure request pursuant to USSG 5K1.1 and 3553(e). This then placed the defendant at a total offense level of 20, criminal history category I, with a range of 33 to 41 months. The Court sentenced the defendant to 33 months. *Id*. at *4.

---

[1] U.S.S.G. 5G1.1 applies to statutory maximums and minimums and U.S.S.G. 5G1.2 deals with sentences on multiple counts.

[2] The Defendant explicitly stated he was not attempting to take advantage of Amendment 782 contained within the 2014 version of the sentencing Guidelines effective November 1, 2014.  As such, his release date would not be delayed by the "holding" provisions of U.S.S.G. § 1B1.10(e). *Mintz*, at note 2.

Mr. Sweeney seeks to apply the two level reduction from the 2014 Sentencing Guidelines from the Defendant's agreed to sentence after application of the Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1. *Minsk* does not contemplate such a reduction. The reduction in Minsk occurred due to a change in the base offense level. The 2014 Sentencing Guidelines Manual did not alter Mr. Sweeney's base offense level. Mr. Sweeney's motion to reconsider should be denied.

## CONCLUSION

The defendants in *Freeman* and *Minsk* received sentence reductions because the base offense level for the amount of drug they were convicted for was reduced and, as a consequence, so was their guideline range. Mr. Sweeney's base offense level was not altered by the retroactive application of the 2014 Sentencing Guidelines to drug quantities and his guideline range remained the same. As such, Mr. Sweeney's motion for reconsideration should be, in all things, denied.

Respectfully submitted,

JOHN R. PARKER
Acting United States Attorney

*/s/ George Leal*

GEORGE LEAL
Assistant U.S. Attorney
Texas State Bar No. 007941500
1100 Commerce St., Third Floor
Dallas, Texas  75242
Tel: (214) 659-8600
Fax: (214) 659-8803
Email: George.Leal@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2014, I electronically filed the foregoing document with the clerk for the United States District Court for the Northern District of Texas pursuant to its electronic filing system (ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

*<u>/s George Leal</u>*
Assistant United States Attorney