

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 5 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> V. <br><br> WAYNE JOSEPH SWEENEY | CASE NO. 3-13-CR00446-1 |

### DEFENDANT'S MOTION TO RECONSIDER REQUEST TO REDUCE OFFENSE LEVEL BY TWO LEVELS

Comes now, WAYNE JOSEPH SWEENEY, Defendant, by and through his attorneys of record, moves this court to reconsider Counsels' request to reduce his final offense level by two levels as reflected in the November 1, 2014, edition of the Sentencing Guidelines Manual.

Defendant entered a plea of guilty on February 18, 2014, to a violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Conspiracy to Distribute a Controlled Substance Analogue. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), Defendant reached a sentencing agreement with the government to impose a sentence that is not to exceed 120 months confinement in the United States Bureau of Prisons. The United States further agreed to recommend to the court that the court impose no fine. The Government requested, and the Court granted, an additional twelve-month reduction resulting in a sentence of 108 months.

In *Freeman v. United States*, the Supreme Court held in a plurality opinion that Freeman was allowed a sentence reduction under 18 U.S.C. § 3582(c)(2) because: (1) a district court had authority to entertain 18 U.S.C. § 3582(c)(2) motions when sentences were imposed in light of the Guidelines, even if Freeman entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, and (2) based on the applicable Guidelines range, the district court expressed its

independent judgment that the sentence was appropriate in light of that range. *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011). The Supreme Court stated that § 3582(c)(2) contributes to sentencing fairness by ensuring district courts may adjust sentences imposed pursuant to a range that the Commission concludes are too severe and out of step with the seriousness of the crime. *Id.* at 2694. The Court further held the reduction from the sentencing change applied after the Court followed the 11(c)(1) agreement. *Id.* at 2695.

I.

Counsel argues that the situation facing Defendant is comparable to sentence reductions pursuant to the change in crack-cocaine guidelines. In *Dorsey v. United States*, the Supreme Court held that a defendant, who pleaded prior to the change in the crack-cocaine reductions, was entitled to consideration of the reduction after the effective date of the changes. *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The applicable Sentencing Guidelines are the ones in effect when the offender is sentenced. 18 U.S.C. § 3553(a)(4)(A)(ii); Fair Sentencing Act, 124 Stat. 2374.

In *United States v. Mintz*, the Court held that the purpose of 1B1.10 Amendment 780 to the United States Sentencing Guidelines is for defendants, who received substantial assistance departures at their original sentencing hearings, may still receive the full benefit of retroactive cocaine base Guidelines Amendment 750 reductions – previously precluded by operation of U.S.S.G. §§ 5G1.1 or 5G1.2. *United States v. Mintz*, No. 1:08-CR-40-MR-1, 2014 U.S. Dist. LEXIS 164606, at *8 (November 25, 2014). Section 3582(c)(2) provides, in part, a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the sentencing court may reduce the term of imprisonment, if such reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

II.

The November 1, 2014, edition of the Sentencing Guidelines Manual lowered by two levels the base offense levels associated with drug quantities involved in drug trafficking offenses. Defendant qualifies for this 2-level reduction to his offense level. After application of the Government's Motion for Downward Departure Pursuant to U.S.S.G. §5K.1, Defendant's guideline range is 92-115 months, based on a total offense level of 24 and a criminal history category V. With the application of the 2014 retroactive guideline amendment, Defendant's total offense level would be 22, and the guideline range would be 77-96 months.

## Conclusion

WHEREFORE, premises considered, Defendant respectfully requests that this Honorable Court reconsider Defendant's Motion to Reduce Offense Level by Two Levels and reduce Defendant's sentence to 77-96 months.

Respectfully Submitted,

/s/ Wayne Joseph Sweeney
WAYNE JOSEPH SWEENEY
*Pro Se*

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing *Motion to Reconsider Request to Reduce Offense Level by Two Levels* has been forwarded to Assistant United States Attorney, George Leal, 1100 Commerce, Third Floor, Dallas, Texas, 75242, on this the __23__ day of __December__, 2014.

/s/ Wayne Joseph Sweeney
WAYNE JOSEPH SWEENEY
*Pro Se*

## CERTIFICATE OF CONFERENCE

Counsel left a voicemail with the Assistant United States Attorney. Counsel has not received a response yet.

/s/ Wayne Joseph Sweeney
WAYNE JOSEPH SWEENEY
*Pro Se*