Page 1

```
 1              IN THE UNITED STATES MAGISTRATE COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
 2                        DALLAS DIVISION
 3   UNITED STATES OF AMERICA,      )        CRIMINAL NO.
                       Plaintiff    )        3:13-CR-446-B
 4                                  )
     VS.                            )        DALLAS, TEXAS
 5                                  )
     WAYNE JOSEPH SWEENEY (1),      )
 6                     Defendant    )        FEBRUARY 18, 2014
 7
 8           TRANSCRIPT OF REARRAIGNMENT PROCEEDINGS
           BEFORE THE HONORABLE IRMA CARRILLO RAMIREZ
 9               UNITED STATES MAGISTRATE JUDGE
10
11   APPEARANCES:
12   For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                               BY:  MR. GEORGE LEAL
13                             Assistant United States Attorney
                               1100 Commerce, Third Floor
14                             Dallas, Texas  75242-1699
                               (214)  659-8600
15
16   For the Defendant:        MR. CARL RANDALL DAY
                               Law Office of Carl R. Day
17                             2121 W. Airport Freeway, Suite 210
                               Irving, Texas  75062
18                             (972) 870-0816
19
20   Court Reporter:           Linda J. Langford, CSR, RDR, CRR
                               U.S. District Court Reporter
21                             1100 Commerce Street, Rm. 1504
                               Dallas, Texas  75242
22                             (214) 748-8068
23
24   Proceedings reported by mechanical stenography, transcript
25   produced by computer.
```

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

1               P R O C E E D I N G S

2                  FEBRUARY 18, 2014

3          THE COURT:  Good morning.  Please be seated.

4          MR. LEAL:  Good morning, Your Honor.

5          THE COURT:  United States versus Wayne Joseph

6   Sweeney.

7          MR. LEAL:  Good morning, Your Honor.  George Leal

8   for the United States.

9          THE COURT:  And, Mr. Sweeney, if you would,

10  please, raise your right hand and be sworn.

11      (The defendant was sworn by the Court.)

12          THE COURT:  You understand, sir, that you are

13  now under oath and that if you answer any of my questions

14  falsely, that you could later be prosecuted for perjury or

15  making a false statement.

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Tell me your whole name for the record.

18          THE DEFENDANT:  Wayne Joseph Sweeney.

19          THE COURT:  How old are you?

20          THE DEFENDANT:  53.

21          THE COURT:  How much education have you had?

22          THE DEFENDANT:  High school and Associate's in

23  science.

24          THE COURT:  Within the last six months, have you

25  been under the care of any doctor?

Linda J. Langford, CSR, RDR, CRR

1                THE DEFENDANT:  No, ma'am.

2                THE COURT:  Have you ever been hospitalized or

3    treated for narcotics addiction or alcoholism?

4                THE DEFENDANT:  SAFP, yes, ma'am.

5                THE COURT:  All right.  And how long ago was that?

6                THE DEFENDANT:  Six years ago.

7                THE COURT:  How long have you been in custody?

8                THE DEFENDANT:  Five months.  I'm a recovering

9    alcoholic.

10               THE COURT:  And have you been clean during those

11   five months?

12               THE DEFENDANT:  Oh, yes, ma'am.

13               THE COURT:  Have you --

14               THE DEFENDANT:  Seven years.

15               THE COURT:  I'm sorry?

16               THE DEFENDANT:  Seven years.

17               THE COURT:  All right.  Good for you.

18        Have you ever been diagnosed with any emotional or

19   mental disability or problem?

20               THE DEFENDANT:  No, ma'am.

21               THE COURT:  Are you now under the influence of

22   alcohol or any drug?

23               THE DEFENDANT:  No, ma'am.

24               THE COURT:  Is there anything that you know of

25   that might in any way affect your ability to understand

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 4

1    why you're here today and what you're going to do?

2              THE DEFENDANT:  No, ma'am.

3              THE COURT:  Are you comfortable that you do fully

4    understand what it is that you're here for?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  Is there any reason to believe Mr.

7    Sweeney is not fully competent to enter a plea of guilty?

8              MR. DAY:  No, Your Honor.

9              THE COURT:  Do you believe his plea will be a

10   knowing and voluntary plea?

11             MR. DAY:  I do.

12             THE COURT:  Mr. Sweeney, you have the right to

13   enter your plea of guilty before the district judge who

14   is assigned to your case, but you can agree to have a

15   magistrate judge take your plea and make a recommendation

16   to the judge that she either accept or reject it.

17        I have here a signed notice and consent form that I'm

18   holding up.  Do you see the signature here at the bottom?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  Is this yours?

21             THE DEFENDANT:  Yes, it is.

22             THE COURT:  Did you read this notice and consent

23   before you --

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  -- signed it?

Page 5

1        THE DEFENDANT:  Yes, ma'am.

2        THE COURT:  Okay.  I'm going to ask you to please

3   wait until I finish my question so that the court reporter

4   can take it down, and then she'll take down your answer.

5   She can't take down both of us at the same time.

6        THE DEFENDANT:  Yes, ma'am.

7        THE COURT:  Thank you.

8     All right.  So you did read the notice and consent

9   before you signed it.

10        THE DEFENDANT:  Yes, ma'am.

11        THE COURT:  Did you discuss it with Mr. Day?

12        THE DEFENDANT:  Yes, ma'am.

13        THE COURT:  Do you still want to go forward before

14   a magistrate judge?

15        THE DEFENDANT:  Yes, ma'am.

16        THE COURT:  I find that consent has been given

17   knowingly and voluntarily, and we will proceed with the

18   proposed plea.

19     You have the right to plead not guilty to any offense

20   charged against you, and if you plead not guilty, the

21   Constitution guarantees you certain rights:

22     The right to a speedy and public trial by a jury in

23   this district;

24     The right at trial for you to see, hear, and

25   cross-examine all witnesses against you;

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 6

1          The right to use the power and process of the Court
2     to compel the attendance of witnesses and production of
3     evidence in your favor;
4          The right to the assistance of an attorney at all
5     stages of the proceedings.  If you could not afford an
6     attorney, one would be appointed for you.
7          You could not be compelled to testify at trial.
8     Whether or not you would testify would be your decision.
9          The government would have to prove your guilt beyond
10    a reasonable doubt.
11         And if you were convicted, you'd have the right to
12    appeal your conviction.
13         Do you understand that you have and are guaranteed
14    each of these rights?
15              THE DEFENDANT:  Yes, ma'am.
16              THE COURT:  On the other hand, if you plead guilty
17    and if the district judge accepts your plea, there's not
18    going to be a trial.  By pleading guilty, you're giving up
19    that right as well as those other rights that go with a
20    trial that I just described to you.  If you plead guilty,
21    you will be convicted of the offense charged in Count One
22    of the indictment.
23         Do you understand the consequences of pleading guilty?
24              THE DEFENDANT:  Yes, ma'am.
25              THE COURT:  In federal court, it's the judge who

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 7

1    decides the sentence whether a defendant is convicted by a

2    jury or upon a plea of guilty.

3         The United States Sentencing Commission issued

4    guidelines for judges to follow in deciding the appropriate

5    sentence in a criminal case.  The Supreme Court later found

6    that those guidelines were not mandatory but only advisory.

7    That means that the judge has to consider how the guidelines

8    might apply in your case, but she's not required to follow

9    them.

10        Have you and Mr. Day and Mr. Linder talked about these

11   guidelines and how they might apply in your case?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  Even so, you understand that

14   ordinarily you should not depend or rely upon any statement

15   or assurance by anyone as to what sentence you'll get

16   because only the judge can make that decision.

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  I understand that in this case you

19   and the government have reached an agreement for a specific

20   sentence.  But it's important that you understand what the

21   general process of sentencing is for a reason that I will

22   explain in just a few minutes.

23        The judge doesn't make a determination of the

24   appropriate sentence for a case until after a presentence

25   report has been completed by the probation officer.  In

ecf9989f-81b1-4c8c-b81c-c707927c2380

1    order to prepare that report, the officer will interview

2    you as well as agents of the government about the facts of

3    the case.

4         The officer may also consider a document filed in

5    this case called a factual resume.  It lists facts that are

6    agreed between you and the government.  You should know that

7    the probation officer isn't limited to this document.  The

8    officer can consider facts that are not listed here and

9    disregard facts that are.  If that happens, you may not

10   be permitted to withdraw your plea of guilty.

11        You will, however, have an opportunity through your

12   attorney to object to the presentence report.

13        In order to decide your sentence, the judge will

14   consider the report, your objections, and any evidence

15   presented at the sentencing hearing.

16        You do have the right to appeal whatever sentence you

17   get unless you give up that right.  In some cases, the

18   government also has a right to appeal.

19        Parole has been abolished.  So if you're sentenced to

20   prison, you will not be released on parole.

21        Do you understand generally how the process of

22   sentencing works?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  And you've got Mr. Carl Day appearing

25   with you today as your attorney, and I understand that Mr.

1    Phillip Linder represents you.

2            MR. DAY:  Your Honor, my co-counsel is larry

3    Finstrom.  Mr. Linder is no longer on the case.

4            THE COURT:  Oh, then my paperwork is correct --

5    incorrect, I mean.  All right.

6        Have you had a full opportunity to talk to your

7    attorneys about this case and your proposed plea of guilty?

8            THE DEFENDANT:  Yes, ma'am.

9            THE COURT:  Are you fully satisfied with the

10   representation and advice that you've received in connection

11   with your case and your proposed plea of guilty from both

12   Mr. Finstrom and Mr. Day?

13           THE DEFENDANT:  Yes, ma'am.

14           THE COURT:  Have you gotten a copy of the

15   indictment?

16           THE DEFENDANT:  Yes, ma'am.

17           THE COURT:  Have you either read it or had it

18   read to you?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  You have the right to have it read

21   out loud to you at this time, but you may waive the reading

22   of the indictment.  What would you like to do?

23           THE DEFENDANT:  I wish to waive.

24           THE COURT:  How do you plead -- I'm going to ask

25   the Assistant United States Attorney to set out what we

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 10

1     call the essential elements of the offense.  This is what

2     the government would have to prove at trial in order to

3     convict you on this charge.  And I'm going to ask you some

4     questions about the elements when he's done.

5          Mr. Leal.

6               MR. LEAL:  Your Honor, the government would have

7     to show:

8          First, that two or more persons, directly or

9     indirectly, reached an agreement to distribute substances

10    containing detectable amounts of synthetic cannabinoids,

11    including substances containing controlled substance

12    analogues PB-22 and 5F-PB-22, all of which are Schedule I

13    controlled substances;

14         That the defendant knew the unlawful purpose of the

15    agreement;

16         That the defendant joined in the agreement willfully,

17    that is, with the intent to further its unlawful purpose;

18    and

19         That the Schedule I controlled substance analogues

20    being distributed during the course of the conspiracy were

21    intended for human consumption.

22              THE COURT:  Sir, do you understand each of these

23    essential elements?

24              THE DEFENDANT:  Yes, ma'am.

25              THE COURT:  Do you admit that you committed each

ecf9989f-81b1-4c8c-b81c-c707927c2380

1  of these essential elements?

2          THE DEFENDANT:  Yes, ma'am.

3          THE COURT:  A defendant who is accused of a

4  crime cannot plead guilty unless he is actually guilty of

5  that crime.  If you plead guilty, your plea should not be

6  prompted or induced by any promises, threats, force, or

7  coercion of any kind.  A plea of guilty has to be purely

8  voluntary, and you should plead guilty only because you

9  are guilty and for no other reason.

10     Has anyone in any way tried to make you or get you to

11  plead guilty in this case?

12         THE DEFENDANT:  No, ma'am.

13         THE COURT:  I have here the plea agreement that

14  was filed on February 5th.  Do you have a copy there before

15  you?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Please look with me on page 10 and

18  tell me if that is your signature above your typed name on

19  that page.

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Before you signed this plea agreement,

22  did you fully read it?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  Did you discuss it with your attorneys

25  and ask them any questions you had about it?

Linda J. Langford, CSR, RDR, CRR

Page 12

1           THE DEFENDANT:  Yes, ma'am.

2           THE COURT:  Were you comfortable that you fully

3    understood everything set out in the plea agreement before

4    you signed it?

5           THE DEFENDANT:  Yes, ma'am.

6           THE COURT:  Are all of the terms of your agreement

7    with the government set out in this written document?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  I'd like to go over some of those

10   terms with you.

11       On page 2, paragraph 4, there is an agreement between

12   you and the government that the sentence in this case should

13   not exceed 120 months, and the government has agreed to

14   recommend to the Court that it not impose a fine on you.

15       Because your plea agreement has this agreement, the

16   district judge has to decide whether she will accept the

17   plea agreement.  If the judge does not accept the plea

18   agreement, then you'll have the opportunity to withdraw

19   your plea of guilty and to change it to not guilty.

20       Do you understand this is an option if the judge does

21   not accept the plea agreement?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  Do you understand that if the judge

24   does not accept the plea agreement and you choose to go

25   forward with your plea of guilty, then you will be subject

U.S. District Court

ecf9989f-81b1-4c8c-b81c-c707927c2380

Page 13

1  to the general sentencing requirements that I explained

2  earlier --

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  -- the general process that I

5  explained earlier?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  All right.  Now, with regard to the

8  fine, the government has agreed to make a recommendation.

9  This is not an agreement between the parties.  Because it

10  is a recommendation, do you understand that the Court is

11  not bound by that recommendation?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  And do you understand that if the

14  judge does not accept the recommendation concerning the

15  fine, you will still be bound by your plea of guilty?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  On page 3 also as part of paragraph

18  4, there are certain agreements by the government and by

19  yourself that a certain sentencing guideline application

20  notes apply and that certain guidelines do not and there

21  are certain stipulations here.

22      Again, because your plea agreement has these agreements

23  between you and the government, the district judge has to

24  decide if she's going to accept these limitations.  If the

25  judge does not accept the plea agreement, you'll have the

ecf9989f-81b1-4c8c-b81c-c707927c2380

Page 14

1    opportunity to withdraw your plea of guilty and change it

2    to not guilty.  You understand that.

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  All right.  Let's see.

5         On page 4 in paragraph 5, there is an agreement by the

6    parties that the government is not going to oppose the two-

7    level downward adjustment for acceptance of responsibility.

8         And, again, this is an agreement by the government

9    not to oppose and to make this recommendation.  Do you

10   understand that ultimately it's the judge's decision?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  On page 5 in paragraph 8, there is

13   an agreement by the government not to bring any additional

14   charges against you based on the underlying conduct.

15        Because your plea agreement also has this promise by

16   the government, the judge again has to decide whether she

17   will accept it.  If the judge does not accept your plea

18   agreement, you'll have the opportunity to withdraw your plea

19   of guilty and change it to not guilty.  Do you understand

20   that?

21             THE DEFENDANT:  Yes, ma'am.

22             THE COURT:  On page 6 in paragraph 11, there's a

23   waiver of right to appeal.  As I explained earlier, you do

24   have that right unless you give it up.  You understand that

25   in paragraph 11, you've agreed to give up your right to

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 15

1   appeal except for the limited circumstances that are listed

2   here.

3            THE DEFENDANT:  Yes, ma'am.

4            THE COURT:  Do you understand that in paragraph

5   11, you've also agreed to give up your right to otherwise

6   challenge your sentence?

7            THE DEFENDANT:  Yes, ma'am.

8            THE COURT:  You have the right to challenge your

9   sentence and your conviction through what we call a writ

10  of habeas corpus or a motion to vacate sentence.  Do you

11  understand that you have given up that right except for

12  certain limited circumstances that are listed in paragraph

13  11?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  Do you understand that you've only

16  reserved your right to appeal or otherwise challenge your

17  sentence in order to bring a direct appeal of a sentence

18  exceeding the statutory maximum punishment, or an arithmetic

19  error at sentencing, to challenge the voluntariness of your

20  plea of guilty or this waiver, or to bring a claim of

21  ineffective assistance of counsel?

22           THE DEFENDANT:  Yes, ma'am.

23           THE COURT:  Did you voluntarily and of your own

24  free will agree to give up your rights to appeal or to

25  otherwise challenge your sentence except for those limited

Page 16

1    circumstances?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  On page 7 in paragraph 13, there's an

4    agreement by you to give up all right, title, and interest

5    you have in the property that is listed there.

6         Do you understand that in paragraph 13, you've agreed

7    to give up any rights to this property and not to challenge

8    the government's forfeiture or taking of the property

9    through any type of proceeding?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  Did you voluntarily and of your own

12   free will agree to give up your rights to that property?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  On page 9 in paragraph 14, you've

15   also agreed to the destruction of certain seized property.

16        Do you understand that you've agreed to the destruction

17   of the property that's listed or described in that

18   paragraph?

19             THE DEFENDANT:  Yes, ma'am.

20             MR. LEAL:  Judge, just one correction.  In

21   paragraph 13, the third sentence that says, "Noted is subject

22   to forfeiture in paragraph 15," that should be paragraph 13.

23   On page 7, paragraph 13, there is a typo there, and I ask

24   that that be corrected.

25             THE COURT:  All right.  And, sir, do you agree to

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 17

1    the correction that's made on the record by the Assistant

2    United States Attorney?

3              THE DEFENDANT:  Where is that?  I'm sorry.

4              THE COURT:  Where it says 15, it should say 14?

5              MR. LEAL:  Should say 13, Your Honor.

6              THE COURT:  Paragraph 13 should say paragraph 13?

7              MR. LEAL:  Yes, ma'am.

8              THE COURT:  Okay.  All right.  Mr. Day, any

9    discussion or dispute about that correction?

10             MR. DAY:  No, Your Honor.

11             THE COURT:  Okay.  Sir, other than this written

12   plea agreement, has anyone made you any promises or

13   assurances of any kind in order to get you to plead guilty?

14             THE DEFENDANT:  No, ma'am.

15             THE COURT:  By signing the plea agreement, are

16   you asking that the Court approve and accept it?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  Do you understand that you are

19   pleading guilty to a felony and that conviction of a felony

20   could deprive you of valuable rights of citizenship, such

21   as the right to vote and the right to own a gun?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  In addition to that, you will face

24   certain penalties and consequences if convicted on this

25   charge.  Mr. Leal is going to set those out.

Page 18

1          MR. LEAL:  Your Honor, the maximum penalties the

2    Court can impose include:

3          Imprisonment for a term not more than 20 years.

4          A fine not to exceed $1 million, or twice any pecuniary

5    gain to the defendant or loss to victims.

6          A term of supervised release of not more than three

7    years may be mandatory under the law and will follow any

8    term of imprisonment.  If Wayne Joseph Sweeney violates

9    the terms and conditions of supervised release, he could

10   be imprisoned for the entire term of supervised release.

11         A mandatory special assessment of $100.

12         Restitution to victims or to the community which may

13   be mandatory under the law and Wayne Joseph Sweeney agrees

14   may include restitution arising from all relevant conduct

15   not related to that arising from the offense of conviction

16   alone, and costs of incarceration and supervision.

17          THE COURT:  Do you understand, sir, that if you

18   plead guilty, you will be subject to these penalties and

19   consequences?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  Having heard all this, how do you

22   plead to Count One of the indictment, guilty or not guilty?

23          THE DEFENDANT:  Guilty.

24          THE COURT:  Before I can recommend to Judge Boyle

25   that she accept your plea, I have to find that there are

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 19

1    enough facts to support it.  I do have here the factual

2    resume that was filed on February 5th.

3         Do you have a copy there before you?  Do you have a

4    copy?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  All right.  Please look with me on

7    page 5 and tell me if that's your signature above your

8    typed name on that page.

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  Before you signed this factual resume,

11   did you fully read it?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  Did you discuss it with your attorneys

14   and ask them any questions you had about it?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  Were you comfortable that you fully

17   understood everything set out in the factual resume before

18   you signed it?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  Are the facts that are recited here

21   true and correct?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  You have the right to have these

24   facts read out loud to you at this time, but you may waive

25   the reading of the factual resume.  What would you like to

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 20

1   do?

2           THE DEFENDANT:  I wish to waive.

3           THE COURT:  Being satisfied with the responses

4   given during this hearing, I make the following finding on

5   the record:

6       In the case of the United States of America versus

7   Wayne Joseph Sweeney, Case 3:13-CR-446-B, Mr. Sweeney is

8   fully competent and capable of entering an informed plea,

9   his plea of guilty to Count One of the indictment is a

10  knowing and voluntary plea supported by an independent

11  basis in fact that contains each of the essential elements

12  of the offense charged in Count One of the indictment.

13      The Court, therefore, recommends that his plea of

14  guilty be accepted, and if it is, he will be adjudged

15  guilty of the offense charged in Count One of the

16  indictment.

17      I've signed a recommendation to Judge Boyle that she

18  accept your plea of guilty, and I have signed a second copy

19  that will be served on you in just a moment.  If you have

20  any objection to that recommendation, you will have 14 days

21  from today to file those objections through your attorney.

22      As I explained earlier, the probation office is now

23  going to prepare the presentence report to help the district

24  judge at sentencing.  You will be asked to give information

25  for that report.  Through your attorney, you will get a

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 21

1    copy of that report well before sentencing, and through

2    your attorneys, you'll have a chance to make any objections

3    that you think are appropriate.

4         You are scheduled for sentencing on June 5th at 1:30

5    before Judge Boyle.  Presentence report is due by April 24th.

6    Any objections are due by May 8th.  Any addendum to the PSR

7    is due by May 22nd, and any objections to the addendum are

8    due by May 29th.  A scheduling order will issue with all of

9    the relevant dates and times.

10        Sir, do you have any questions about anything that we

11   have covered here today?

12             THE DEFENDANT:  No, Your Honor.

13             THE COURT:  Mr. Day, is there anything else the

14   Court should address?

15             MR. DAY:  No, ma'am.

16             THE COURT:  Mr. Leal?

17             MR. LEAL:  Nothing further, Your Honor.

18             THE COURT:  Good luck to you, Mr. Sweeney.

19             THE DEFENDANT:  Thank you.

20             THE COURT:  We're adjourned.  Counsel are excused

21   if they have no further matters before the Court.

22             MR. LEAL:  Thank you, Your Honor.

23        (The proceedings were concluded.)

24

25

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 22

1                      I N D E X

2                                                    PAGE

3   DEFENDANT SWORN ........................................  2

4

5   NOTICE AND CONSENT .....................................  4

6

7   CONSTITUTIONAL RIGHTS ..................................  5

8

9   ESSENTIAL ELEMENTS ..................................... 10

10

11  PLEA AGREEMENT COLLOQUY ................................ 12

12

13  RANGE OF PUNISHMENT .................................... 18

14

15  PLEA ENTERED .......................................... 18

16

17  FINDING OF THE COURT .................................. 20

18

19  REPORTER'S CERTIFICATION............................... 23

20

21

22

23

24

25

ecf9989f-81b1-4c8c-b81c-c707927c2380

Linda J. Langford, CSR, RDR, CRR

Page 23

1

2

3                    CERTIFICATION

4

5

6        I certify that the foregoing is a true and correct

7    transcript from the record of proceedings in the above-

8    entitled matter.  I further certify that the transcript

9    fees format comply with those prescribed by the Court and

10   the Judicial Conference of the United States.

11

12       /s/  Linda J. Langford      Date:  March 15, 2015.

13

14

15

16

17

18

19

20

21

22

23

24

25

ecf9989f-81b1-4c8c-b81c-c707927c2380